Laurence M. Rosen, Esq. (SBN 219683)
**THE ROSEN LAW FIRM, P.A.**
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

Yu Shi, Esq. (*Pro Hac Vice*)
**THE ROSEN LAW FIRM, P.A.**
275 Madison Ave, 34th Floor
New York, NY 10016
Telephone: (212) 686-1060
Facsimile: (212) 202-3827
Email: yshi@rosenlegal.com

Counsel for Lead Plaintiffs

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON FEOLA, Individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>EDWARD R. CAMERON, JEFFREY A. CAMMERRER, and APPLIANCE RECYCLING CENTERS OF AMERICA, INC.,<br><br>Defendants. | Case No: 2:15-CV-01654-JAK(AJWx)<br><br>**REPLY IN SUPPORT OF PLAINTIFFS' MOTION TO STRIKE THE DECLARATION OF MICHELLE VAN OPPEN**<br><br>Hon. John A. Kronstadt<br><br>Date:   May 2, 2016<br>Time:   8:30 a.m.<br>Ctrm:   750 |

- 1 -

Reply in Support of Plaintiffs' Motion to Strike the Declaration of Michelle van Oppen
Case No. 2:15-CV-1654-JAK (AJWx)

## I.  INTRODUCTION

In support of their motion to dismiss Plaintiffs' Second Amended Complaint ("SAC"), Defendants submitted the van Oppen Declaration (Dkt. #46). Ms. van Oppen is one of the attorneys representing Defendants. The van Oppen Declaration consists of Ms. van Oppen's hearsay testimony concerning what certain confidential witnesses ("CWs") stated to Plaintiffs' investigator.

The van Oppen Declaration is improper. It is axiomatic that on a motion to dismiss pursuant to Rule 12(b)(6), the movant may not introduce matters outside the pleadings to contest factual allegations pled in the complaint. The van Oppen Declaration, in which Ms. van Oppen purports to present to the Court what the CWs supposedly *told her* about what *they previously told* Plaintiffs' investigator, does exactly that. It is impermissible and should therefore be stricken.

Defendants vilify Plaintiffs' motion to strike as a "distraction." This is an ironic characterization. In securities class actions such as this, the premise of the PSLRA automatic stay is that the court can determine the legal sufficiency of a complaint by accepting the truth of the facts as pleaded. Hence, the real distraction is the van Oppen Declaration and its effort to introduce new facts beyond the SAC and challenge the factual allegations in the SAC.

## II.  ARGUMENT

Defendants assert two flawed arguments in opposition to Plaintiffs' motion to strike.

First, Defendants contend that this Court has no legal basis to strike the van Oppen Declaration. Defendants misunderstand the power of the court. It is well established that a court has inherent power to control its docket. *Ferdik v. Bonzelet,* 963 F.2d 1258, 1260 (9th Cir.1992). This inherent power "includes the power to strike materials from the docket in order to control litigation conduct and to supervise the contents of the docket." *Ready Transportation, Inc. v. AAR Manufacturing,* 627

Reply in Support of Plaintiffs' Motion to Strike the Declaration of Michelle van Oppen
Case No. 2:15-CV-1654-JAK (AJWx)

1 F.3d 402, 404–05 (9th Cir.2010). Indeed, a court may even strike a filed document
2 that does not conform to the formal requirements of its rules. *Fourstar v.*
3 *Copenhaver,* 2014 WL 6610267 at *2 (E.D.Cal., Nov. 19, 2014); *see also Bach v.*
4 *Teton County, Idaho*, 207 Fed. App'x 766, 769 (9th Cir. 2006) ("The district court
5 did not abuse its discretion in limiting discovery and in striking those portions of
6 [declarations] which were repetitive, inadmissible or based on speculation and
7 conjecture.").[1]

8 Here, as indicated in Plaintiffs' opening brief, the Court should strike the van
9 Oppen Declaration for the following reasons: (1) on a motion to dismiss pursuant to
10 Rule 12(b)(6), courts must accept the factual allegations in the complaint as true and
11 draw all reasonable inferences in the plaintiff's favor. *Cahill v. Liberty Mut. Ins. Co.,*
12 80 F.3d 336, 337-38 (9th Cir. 1996). (2) the van Oppen Declaration is inadmissible
13 hearsay as it purports to present statements made by confidential witnesses over the
14 telephone to Defendant's counsel, Ms. van Oppen. Indeed, Defendants do not contest
15 that the van Oppen Declaration relies on hearsay.

16 Second, Defendants argue that the Court should consider the van Oppen
17 Declaration because certain other courts have done so in similar circumstances.
18 Defendants, however, fail to cite to a single case where the court in ruling on a
19 motion to dismiss accepted and considered, without the benefit of depositions or
20 other sworn statements from the confidential witnesses themselves, a declaration
21 submitted by *defendants' attorney* purporting to contest confidential witness'
22 statements. In *City of Livonia Employees' Ret. Sys. v. The Boeing Co.,* 711 F.3d 754
23 (7th Cir. 2013), the confidential witness was identified during discovery and had his
24 deposition taken, and it was only after the confidential witness' sworn deposition,
25 during which he denied under oath the statements attributed to him in the complaint,

---

[1] Defendants' out-of-circuit citation to *In re Apollo Group, Inc. Sec. Litig.,* 2007 WL 778625 (D.D.C. Mar. 12, 2007) is applicable. There, the court invoked Rule 12(f) to deny a motion to strike. Here, Plaintiffs are not moving under Rule 12(f).

- 3 -

1 that the court granted a motion for reconsideration and dismissed the complaint. 2 Similarly, in *Campo v. Sears Holding Corp.,* 371 Fed. App'x 212 (2d Cir. 2010), the 3 court ordered the depositions of the confidential witnesses and reconsidered its 4 motion to dismiss ruling only after the confidential witnesses had been deposed and 5 recanted their statements under oath.  In *Belmont Holdings Corp. v. SunTrust Banks, 6 Inc*., 896 F.Supp.2d 1210 (N.D. Ga. 2012), the confidential witnesses themselves 7 submitted sworn declarations contradicting the statements attributed to them in the 8 complaint.  Here, there has been no deposition, no evidentiary hearing, and no sworn 9 declarations from any of the confidential witnesses.  Instead, Defendants offer a 10 declaration from their own lawyer, purporting to testify as to what the CWs might 11 have said, and ask that the Court rely on it to rule on the motion to dismiss.  This is 12 improper.

13 Indeed, if the Court is inclined to consider the van Oppen Declaration, then it 14 must convert Defendants' motion to dismiss into a motion for summary judgement 15 and permit Plaintiffs to conduct discovery, including taking the depositions of the 16 CWs, and cross-examine Ms. van Oppen.  Fed. R. Civ. P. 12(d) ("If, on a motion 17 under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not 18 excluded by the court, the motion must be treated as one for summary judgment 19 under Rule 56.  All parties must be given a reasonable opportunity to present all the 20 material that is pertinent to the motion.").

21 **III.   CONCLUSION**

22 For the foregoing reasons, the van Oppen Declaration filed in support of 23 Defendants' motion to dismiss should be stricken.  In the alternative, Plaintiffs should 24 be given the opportunity to obtain discovery so that the Court may resolve the factual 25 issues raised by Defendants' motion on the basis of an adequate factual record.

26

27 Dated: March 11, 2016                              Respectfully submitted,

28

| | |
|---|---|
| 1 | **THE ROSEN LAW FIRM, P.A.** |
| 2 | /s/ Laurence Rosen |
| 3 | Laurence M. Rosen, Esq. (SBN 219683) |
| 4 | 355 S. Grand Avenue, Suite 2450 |
|   | Los Angeles, CA 90071 |
| 5 | Telephone: (213) 785-2610 |
| 6 | Facsimile: (213) 226-4684 |
|   | Email: lrosen@rosenlegal.com |
| 7 | |
| 8 | Yu Shi, Esq. (*Pro Hac Vice*) |
| 9 | 275 Madison Ave, 34th Floor |
|   | New York, NY 10016 |
| 10 | Telephone: (212) 686-1060 |
| 11 | Facsimile: (212) 202-3827 |
|   | Email: yshi@rosenlegal.com |
| 12 | |
| 13 | Counsel for Lead Plaintiffs |

- 5 -

## CERTIFICATE OF SERVICE

I, Laurence Rosen, hereby declare under penalty of perjury as follows:

I am an attorney with the Rosen Law Firm, P.A., with offices at 355 South Grand Avenue, Suite 2450, Los Angeles, CA, 90071. I am over the age of eighteen.

On March 11, 2016, I electronically filed the foregoing **REPLY IN SUPPORT OF PLAINTIFFS' MOTION TO STRIKE THE DECLARATION OF MICHELLE VAN OPPEN** with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to counsel of record.

Executed on March 11, 2016

                    /s/ Laurence Rosen
                    Laurence Rosen