MICHAEL C. TU (State Bar No. 186793)
*mtu@orrick.com*
KEVIN M. ASKEW (State Bar No. 238866)
*kaskew@orrick.com*
MICHELLE VAN OPPEN (State Bar No. 293509)
*mvanoppen@orrick.com*
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, California 90017
Telephone: (213) 629-2020
Facsimile: (213) 612-2499

Attorneys for Defendants
Appliance Recycling Centers of America, Inc.,
Edward R. Cameron and Jeffrey A. Cammerrer

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| JASON FEOLA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>EDWARD R. CAMERON, et al.,<br><br>Defendants. | Case No. 15-cv-1654 JAK (AJWx)<br><br>**NOTICE OF LODGING OF [PROPOSED] JUDGMENT AND REQUEST FOR DISMISSAL WITH PREJUDICE**<br><br>Hon. John A. Kronstadt |

PLEASE TAKE NOTICE that defendants Appliance Recycling Centers of America, Inc., Edward R. Cameron and Jeffrey A. Cammerrer ("Defendants") hereby lodge the attached Proposed Judgment, as directed by the Court's order dated October 12, 2016 (Dkt. No. 66, the "Order"). In the Order, the Court dismissed the case without prejudice following plaintiffs' filing of their Notice of Non-Intent to Amend Complaint (Dkt. No. 65). Defendants respectfully submit that the Court should enter the attached Proposed Judgment and dismiss the case ***with*** prejudice, for the reasons set forth below.

The Ninth Circuit has explained that where, as here, a court dismisses a plaintiff's complaint, the court grants a further opportunity to amend, and the plaintiff expressly declines that opportunity, a dismissal of the action with prejudice is appropriate. *See Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1064 (9th Cir. 2004) ("[T]he district court should have taken the election not to amend at face value, entered a final judgment dismissing all claims ***with prejudice***, and allowed the case to come to us on appeal in that posture." (emphasis added)).

While the Ninth Circuit in the *Edwards* decision "did not phrase this as a mandatory rule," *WPP Luxembourg Gamma Three Sarl v. Spot Runner, Inc.*, 655 F.3d 1039, 1058 (9th Cir. 2011), the Court should nonetheless follow *Edwards* here and exercise its discretion to dismiss plaintiffs' claims with prejudice. Plaintiffs have had every opportunity to attempt to state a cognizable claim. Plaintiffs filed three successive complaints, two of them following their appointment as lead plaintiffs—a role for which the plaintiffs were the only applicants from the putative class. The Court dismissed both the First Amended and Second Amended Complaints, each time describing in great detail the deficiencies with plaintiffs' allegations. By declining the further opportunity to amend their complaint, plaintiffs have conceded that they have "made their best case" and that further amendment would be futile. Dismissal with prejudice is therefore warranted. *See Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009)

(holding that "the district court did not err when it dismissed the SAC with prejudice, since it was clear that the plaintiffs had made their best case and had been found wanting"); *Loos v. Immersion Corp.*, 762 F.3d 880, 890–91 (9th Cir. 2014) (where district court gave plaintiff "detailed explanation of why his original theory of loss causation was deficient" and plaintiff essentially re-pled the same facts and legal theories in his amended complaint, dismissal with prejudice was not an abuse of discretion).

Further, should the Court dismiss the action without prejudice, the Court would leave open the possibility that plaintiffs, having already exhausted every opportunity to state a claim, could attempt to start over again in this Court or another court, bringing a new action that would require the Court and the parties to once again go through the lead plaintiff selection process mandated by the Private Securities Litigation Reform Act before once again considering the legal sufficiency of plaintiffs' pleading. However unlikely such a scenario may be, a dismissal with prejudice would appropriately further the goals of judicial economy and finality.

For these reasons, defendants respectfully request that the Court enter the attached Proposed Judgment and dismiss this action with prejudice.

Dated: October 18, 2016

Respectfully submitted,

ORRICK, HERRINGTON & SUTCLIFFE LLP

By: */s/ Michael C. Tu*
Michael C. Tu

Attorneys for Defendants
Appliance Recycling Centers of America, Inc.,
Edward R. Cameron and Jeffrey A. Cammerrer